The Honorable Robert J. Bryan

UNITED STATED DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JACINTA NALL, as Guardian of the Estate for TESSA JOY NALL; ALISSA NALL; ERIC MASSEY, as Parent and Guardian for D.M., a minor child; ERIC MASSEY, as Next Friend for D.W., a minor child; CRYSTAL NALL, as Next Friend for T.N., a minor child,<br><br>                          Plaintiffs,<br>   vs.<br><br>CORRECT CARE SOLUTIONS, LLC, aka WELLPATH, LLC; KAREN LUDY, MHP, Individually and as Employee of CORRECT CARE SOLUTIONS, LLC; KAREN NYGAARD, RN, Individually and as Employee of CORRECT CARE SOLUTIONS, LLC; KITSAP COUNTY, A Municipal Corporation; GARY SIMPSON, SHERIFF, Individually and Officially as Employee and/or Agent of KITSAP COUNTY; MARK RUFENER, JAIL ADMINISTRATOR, Individually and Officially as EMPLOYEE and/or Agent of KITSAP COUNTY; SCOTT KASTEN, CORRECTIONS OFFICER, Individually and Officially as Employee and/or Agent of KITSAP COUNTY; STEVEN LAWSON, CORRECTIONS OFFICER, Individually and Officially as Employee and/or Agent of KITSAP COUNTY; GENIE ELTON, CORRECTIONS OFFICER, Individually and Officially as Employee and/or Agent of | No. 3:19-cv-05289-RJB<br><br>**PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND REQUEST FOR ATTORNEY'S FEES AND SANCTIONS**<br><br>NOTE ON MOTION CALENDAR:<br><br>August 7, 2020 |

PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND REQUEST FOR ATTORNEY'S FEES AND SANCTIONS-i

**THE LEVINE LAW FIRM, PLLC**
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
kany@kanylevinelaw.com

KITSAP COUNTY; JERRY RANDALL, Individually and Officially as Employee and/or agent of KITSAP COUNTY; GREG CHAVEZ, Individually and Officially as Employee and/or agent of KITSAP COUNTY; JOHN AND JANE DOES 1-10,

        Defendants.

PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND REQUEST FOR ATTORNEY'S FEES AND SANCTIONS-ii

**THE LEVINE LAW FIRM, PLLC**
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
kany@kanylevinelaw.com

I. **RELIEF REQUESTED**

Plaintiffs respectfully request that the Court order Defendants Correct Care Solutions, LLC, aka Wellpath, LLC (hereinafter "Wellpath"), to fully and truthfully respond to "Plaintiffs' First Set of Interrogatories And Requests For Production To Defendants (hereinafter "Plaintiffs' First Discovery Requests"), served on August 22, 2019, with Wellpath having served incomplete and misleading responses on December 27, 2019, and on January 17, 2020.

Plaintiffs further respectfully request that the Court order, as a result of Wellpath's dilatory, incomplete, missing, misleading and/or false responses, as set forth above, that all objections by Wellpath to Plaintiffs' First Discovery Requests be waived. Plaintiffs also request that the Court order that all of Wellpath's objections to Plaintiffs' Third Discovery Requests, served 55 days late, and when Plaintiffs' counsel was preparing to file this motion, also be waived.

Finally, Plaintiffs respectfully request that the Court order Wellpath and their counsel, the law firm of Fain, Anderson, Vanderhoef, Rosendahl, O'Halloran, Spillane, PLLC (hereinafter "FAVROS Law"), to pay attorney's fees and sanctions related to the uncontroverted intentional spoliation of electronic storage information ("ESI") by Wellpath that is relevant to this case, and Wellpath's dilatory, incomplete, missing, misleading and/or false statements concerning ESI in response to the above-referenced Plaintiffs' First Discovery Requests.

Plaintiffs may, at a later date, move the Court for additional remedies against Wellpath under FRCP 37(e).[1]

---

[1] Under FRCP 37(e), a party's failure to take reasonable steps to preserve ESI in the anticipation of litigation may, upon a finding that the party acted with the intent to deprive another party of the information's use in the litigation, either instruct the jury that the lost information was unfavorable to the party, or enter a default judgment. Plaintiffs

PLAINTIFFS' MOTION TO COMPEL DISCOVERY
AND REQUEST FOR ATTORNEY'S FEES AND
SANCTIONS-1

**THE LEVINE LAW FIRM, PLLC**
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
kany@kanylevinelaw.com

## II. LCR 37(a)(1) CERTIFICATION

Plaintiffs' counsel certifies that he met and conferred via telephone conference with defense counsel Chad Beck of FAVROS Law pursuant to LCR 37(a)(1) on June 8, 2020, and on July 16, 2020.

## III. STATEMENT OF RELEVANT FACTS

The relevant facts behind Plaintiffs' motion are lengthy and complex, and are fully set out, with numerous exhibits, in the accompanying declaration of Kany M. Levine in support of this motion.

This is a civil rights and negligence action stemming from Plaintiff Tessa Nall's two suicide attempts on August 16-17, 2017, in the Kitsap County Jail. After her second attempt, Tessa spent over three weeks in a coma and was not expected to survive. Tessa suffered a serious and permanent brain injury from her second suicide attempt, and requires 24/7 supervision and care. She has four children.

The undersigned counsel was retained by Tessa's family not long after Tessa was injured, and on December 4, 2017, sent a preservation letter to Correct Care Solutions, LLC, later known as "Wellpath," the contractor at that time for medical and mental health services in the Kitsap County Jail. The letter requested, in the anticipation of litigation, *inter alia*, the retention and preservation of all documents, emails, and other electronic storage information ("ESI") relating

---

are not currently moving for a sanction under this rule, but expect to move for the appropriate sanction under the rule after serving additional discovery requests on Wellpath. Additionally, under FRCP 37(d)(1)(A)(ii), the Court may order sanctions if a party, after being properly served with requests for production under Rule 34, fails to serve its answers, objections, or written responses, and the sanctions may be imposed against the party or the attorney advising the party, under any of the orders listed in Rule 37(b)(2)(A), including rendering a default judgment.

PLAINTIFFS' MOTION TO COMPEL DISCOVERY
AND REQUEST FOR ATTORNEY'S FEES AND
SANCTIONS-2

**THE LEVINE LAW FIRM, PLLC**
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
kany@kanylevinelaw.com

to the attempted suicides of Tessa Nall on August 16-17, 2017. *Declaration of Kany M. Levine (hereinafter "Levine Decl.")*, *Exhibits A, B.*

The undersigned counsel corresponded repeatedly with previous counsel for Wellpath, Craig McIvor of Lee Smart, P.S., about the possibility of a pre-filing settlement. Mr. McIvor indicated in a letter to the undersigned that he wished to explore a pre-filing settlement, reviewed Plaintiffs' draft complaint, and the undersigned counsel then sent McIvor numerous documents related to the case for his review, at his request. *Levine Decl.*, ¶'s 6-8, *Ex's C, D, E*. Mr. McIvor then disappeared for three months, and when it became clear Wellpath was not dealing with Plaintiffs in good faith, this action was filed on April 16, 2019. Michele Atkins and Chad Beck of FAVROS Law) entered their notices of appearance in this case on behalf of all defendants on April 26, 2019, and May 3, 2019, respectively. *ECF* 3, 7.

On August 22, 2019, defendants were served with "Plaintiffs' First Set of Interrogatories And Requests For Production To Defendants (hereinafter "Plaintiffs' First Discovery Requests"). *Levine Decl., ¶* 11. Wellpath did not provide a response to this request within 30 days as required by FRCP 33(b)(2) and 34(b)(2). *Id., ¶ 12*.

After an LCR 37(a)(1) conference held on December 11, 2019, Wellpath finally served responses to Plaintiffs' First Discovery Requests on December 27, 2019. These responses were titled Wellpath's "Supplementary Responses." *Levine Decl.,* ¶14, *Ex. H*. On January 17, 2020, Wellpath served additional discovery responses, entitled "Second Supplementary Responses." *Levine Decl.*, ¶16, *Ex. I*. Wellpath did not verify either of these responses in accordance with FRCP 33(b)(3) and (5). However, defense counsel certified both set of responses in accordance with FRCP 26, 33, and 34. *Levine Decl.,* ¶'s 15, 17. Wellpath did not send these verifications

PLAINTIFFS' MOTION TO COMPEL DISCOVERY
AND REQUEST FOR ATTORNEY'S FEES AND
SANCTIONS-3

**THE LEVINE LAW FIRM, PLLC**
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
kany@kanylevinelaw.com

to the undersigned counsel, despite his requests, until June 1, 2020--a key date, as the Court will see below. *Levine Decl., ¶* 31. The verifications were signed by "Andrew Small" on May 26, 2020, and state that Mr. Small "has knowledge of the subjects raised by Plaintiffs' interrogatories above, has read the foregoing answers to those interrogatories, and declares under penalty of perjury under the Laws of the State of Washington that those answers are true and correct." *Levine Decl., ¶* 31, *Exhibit J*.

Many of the requests set forth in Plaintiffs' first discovery request ESI. Specifically, Request for Production #'s 3, 4, 5, 9, 10, 17, 22, and 23 all request that "documents" in response to the RFP and accompanying Interrogatories be provided to Plaintiffs. *Ex. H*. "Documents" is defined in Plaintiffs First Discovery Requests as including, among other definitions, "any computer readable media including, but without limitation, emails, other electronically stored information, text messages, instant messages, direct messages . . .." *Ex. H* at 3-4.

In Wellpath's responses to RFP # 3, Wellpath stated that "Subject to and without waiving the above objection, Wellpath/CCS is not aware of any supplemental documentation responsive to this request." *Ex. H* at 8. In its response to RFP #4, Wellpath stated "Wellpath/CCS is not aware of any additional documentation at this time aside from what has previously been produced through discovery." *Id.* at 9-10. In its response to RFP #'s 5 and 9, Wellpath did not respond to Plaintiffs request for documents. *Id.* at 11, 14. In its response to RFP #10, Wellpath stated, "Subject to and without waiving above objection, Wellpath/CCS is not aware of any additional responsive information aside from what has already been produced or is privileged." *Id* at 15. Wellpath did not provide a privilege log with regard to RFP #10. With regard to RFP #17, Wellpath did not, and never has responded to this RFP. *Levine Decl.,* ¶24, 25; *Ex. H* at 20;

PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND REQUEST FOR ATTORNEY'S FEES AND SANCTIONS-4

**THE LEVINE LAW FIRM, PLLC**
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
kany@kanylevinelaw.com

*Ex. I* at 20. In its first response to RFP #18, Wellpath responded, "Subject to and without waiving objection above, Wellpath/CCS is in the process of searching for and obtaining documentation it possesses relating to training and will supplement this Response once discovered." *Ex. H* at 20. In its Second Supplemental Response, Wellpath stated, "Subject to and without waiving previous objections, see attached." No ESI was contained within the attached documents responsive to RFP #18. *Ex. I* at 20-21. In its response to RFP #19, Wellpath responded "Subject to and without waiving objection above, Wellpath/CCS is in the process of searching for and obtaining documentation it possesses relating to training and will supplement this Response once discovered." *Ex. H* at 21-22. In its Second Supplemental Response, Wellpath stated, "Subject to and without waiving previous objections, see attached." No ESI was contained within the attached documents responsive to RFP #18. *Ex. I* at 21-22. With regard to RFP #22, Wellpath has never responded to this RFP. *Ex. H* at 23; *Ex. I* at 23. With regard to RFP #23, Wellpath has never responded to this RFP. *Ex. H* at 23-24; *Ex. I* at 23-24. No ESI was contained within the attached documents responsive to any of the RFP's referred to above.

On February 17, 2020, the parties scheduled mediation in this matter for April 23, 2020. Given the COVID 19 pandemic, however, the mediation was rescheduled for June 23, 2020. All parties and their counsel agreed to hold off conducting depositions until after mediation as a way of conserving resources and because it appeared settlement might be possible at mediation. [2]

On April 27, 2020, Wellpath was served with "Plaintiffs' Third Set of Interrogatories And Requests For Production To Defendants (hereinafter "Plaintiff's Third Discovery

---

[2] The Court ordered mediation as part of its original scheduling order. *ECF* 19.

PLAINTIFFS' MOTION TO COMPEL DISCOVERY
AND REQUEST FOR ATTORNEY'S FEES AND
SANCTIONS-5

**THE LEVINE LAW FIRM, PLLC**
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
kany@kanylevinelaw.com

Requests"). *Levine Decl., ¶32, Ex. K.* Plaintiffs requested "Documents"—again defined as including, among other definitions, "any computer readable media including, but without limitation, emails, other electronically stored information, text messages, instant messages, direct messages . . .." *Ex. K* at 3-4--from Wellpath, specifically with regard to RFP #'s 25, 26, 27, 29, 30, and 31. Wellpath did not respond to Plaintiffs' Third Discovery Requests until 85 days after they were served, meaning that their responses were 55 days late. *See* FRCP 33(b)(2) and 34(b)(2). Indeed, as of 4:30 p.m. on January 21, 2020, Wellpath had still not responded to Plaintiff's third discovery requests. Later that evening, as the undersigned was preparing to file this motion, Plaintiff discovered that Wellpath had responded to Plaintiffs' third discovery requests, at 4:53 p.m. The undersigned has not had the opportunity to review these responses at the time of the filing of Plaintiffs' motion to compel.[3]

While subsequently conducting research via ECF on another case involving Wellpath, *Moreno, et. al. v. Correct Care Solutions, LLC, et. al.,* cause no. 4:18-cv-05171 (E.D. WA)--a jail inmate wrongful death case where Ms. Atkins and Mr. Beck also represent CCS/Wellpath—counsel discovered that the Court on June 1, 2020, had filed an "*Order Granting Plaintiffs' Rule 37(e) Motion For Default Judgment*" (hereinafter "*Moreno Default Order*") against CCS/Wellpath. *See ECF 145; Estate of Moreno v. Corr. Healthcare Cos.*, 2020 U.S. Dist. LEXIS 108370. *Levine Decl., ¶33, Exhibit L.* The *Moreno Default Order* revealed that the Court had granted a default judgment against CCS/Wellpath based on the massive, nationwide, intentional spoliation of emails by Wellpath as part of a new, nationwide document "retention"

---

[3] Plaintiffs also requested discovery from Defendant Kitsap County in its third discovery requests, i.e. Interrogatory #'s 16, 18, and 19, and RFP #'s 28 and 32. Plaintiffs second written requests for discovery were only directed to Defendant Kitsap County.

PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND REQUEST FOR ATTORNEY'S FEES AND SANCTIONS-6

**THE LEVINE LAW FIRM, PLLC**
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
kany@kanylevinelaw.com

policy that was implemented in February of 2019—spoliation that included relevant ESI in *Moreno*—and that the purge of emails began in March of 2019, approximately one month before the *Nall* case was filed. Wellpath admitted the intentional spoliation, and in fact admitted that one reason for the destruction of this ESI was to delete "bad emails that could be produced in discovery." *Exhibit L* at 11-12, 16. It thus appeared that this intentional destruction of ESI nationwide by Wellpath could have a profound effect on the case in *Nall* and could be related to Wellpath's dilatory discovery responses—responses that when received, included no ESI.

The parties proceeded to mediation as scheduled on June 23, 2020, and mediated for 10 hours, and while some progress was made, the parties ultimately remained significantly apart. *Levine Decl.*, ¶38.

Counsel subsequently engaged in further research in the *Moreno* record and discovered that Exhibit H to a declaration in support of "*Plaintiffs' Rule 37(e) Motion for Default Judgment Against Defendants Correctional Healthcare Companies, Inc. and Correct Care Solutions, LLC for Spoliation of Evidence*" contained a 15 page list of all of Wellpath's employees in the United States that had litigation holds placed on their files at the time of Wellpath's ESI purge in March of 2019. At this point in time, counsel has determined that defendants Karen Ludy and Karen Nygaard, and key witnesses Patty Slaye and Lynn Hedlund, are not on this list. This means that all ESI relating to these four witnesses was intentionally purged by Wellpath. *Levine Decl., Exhibit O*. Counsel is currently in the process of determining if other witnesses relevant to this case are not on this list.

Further research into the *Moreno* record revealed Wellpath's director of Claims Management, Geri Ashley, had on January 9, 2019, sent a letter to Craig McIvor of Lee Smart,

PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND REQUEST FOR ATTORNEY'S FEES AND SANCTIONS-7

**THE LEVINE LAW FIRM, PLLC**
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
kany@kanylevinelaw.com

P.S., Wellpath's previous attorney in *both* the *Nall* and *Moreno* cases, requesting that he identify all open Wellpath files in his office, and that he provide from those open files the names of individual employed parties named in a lawsuit, and that he should also provide the names of individuals not named that could be considered key witnesses. *Levine Decl. Exhibit P*. On January 16, 2019, Mr. McIvor wrote back to Wellpath with the list of open files. Included in this list was "Nall v. Kitsap County; Correct Care Solutions – Not in suit." *Levine Decl., Exhibit Q*. Thus, Wellpath was placed on notice that the Tessa Nall case was an "open" file, but "not in suit."

Counsel also determined from Richard Strickland, the Information Technology Security Manager at Wellpath, that all emails of Wellpath's agents that were related to the *Nall* case would have been destroyed unless there was a litigation hold placed on those employees' emails, and thus—as indicated in the list of those Wellpath employees whose emails were placed on a litigation hold as set forth in *Exhibit O*- all emails pertaining to Karen Ludy, Karen Nygaard, Patti Slaye, and Lynn Hedlund, were intentionally deleted by Wellpath. *See "Declaration of Richard Strickland in Support of Defendants Opposition to Plaintiffs' Third Motion to Compel Discovery From Correctional Healthcare and Correct Care Solutions,"* dated and filed in *Moreno* on November 12, 2019. *Levine Decl.,, ¶42, Exhibit R*.

The *Nall* case was filed exactly three months after Mr. McIvor wrote to Wellpath indicating the presence of an open file on the *Nall* case. All of Wellpath's responses to Plaintiffs' written discovery requests, all of which were or are dilatory, and most of which are either incomplete, missing, misleading and/or false, were received after Wellpath was put on notice that the *Nall* case was "open." None of Wellpath's responses make the slightest mention of the

PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND REQUEST FOR ATTORNEY'S FEES AND SANCTIONS-8

**THE LEVINE LAW FIRM, PLLC**
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
kany@kanylevinelaw.com

company's document "retention" policy, instituted in February of 2019, or that ESI related to the *Nall* case was deliberately destroyed pursuant to that policy.

Ms. Atkins and Mr. Beck filed Mr. Strickland's declaration in *Moreno* on November 12, 2019. That means that Ms. Atkins, Mr. Beck, and FAVROS Law were aware of Wellpath's systematic destruction of ESI pursuant to their document retention policy instituted in February of 2019, no later than November 12, 2019. On July 7, 2020, I sent a letter to Ms. Atkins and Ms. Beck raising the fact, *inter alia*, that based upon a number of the documents discussed in this declaration, emails relevant to the *Nall* case had almost certainly been destroyed. *Levine Decl.*, ¶45, *Exhibit S*. Neither Ms. Atkins nor Mr. Beck has responded to this portion of the letter.

## IV.  ARGUMENT

Under FRCP 33(b)(2) and 34(b)(2), parties must serve answers to interrogatories, responses to requests for production, and any objections within 30 days of the date the discovery requests were served. If a party fails to provide these responses within 30 days, the requesting party, after attempting in good faith to resolve the issue without Court intervention, may, under FRCP 37(a)(3)(B), move the Court for an order compelling the responding party to answer the interrogatories and produce the requested documents. Furthermore, "[i]t is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).

Here, as outlined above, and given the history of events as set forth in the *Declaration of Kany M. Levine* and the exhibits attached thereto, it is clear that Defendant Wellpath (1) has failed to respond in any fashion to RFP #'s 5, 9, 10, 17, 22, and 23, served as part of Plaintiffs' First Discovery Requests on August 22, 2019; (2) has deliberately misled Plaintiffs by claiming

PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND REQUEST FOR ATTORNEY'S FEES AND SANCTIONS-9

**THE LEVINE LAW FIRM, PLLC**
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
kany@kanylevinelaw.com

it was not aware of any documents, i.e. ESI, that is responsive to RFP #'s 3,4, 5, and 10; (3) misleadingly and/or falsely claimed it was searching for supplemental documentation, and then claimed to have supplied it, with regard to RFP #'s 18, and 19, when it produced no ESI to Plaintiffs, and (4) ) served its responses to Plaintiffs' Third Discovery Requests 55 days late. Indeed, Wellpath could not supply Plaintiffs with any ESI, and knew it could not, thereby misleading Plaintiffs, because it began to carry out the new, document "retention" policy meant to systematically destroy all ESI---including "bad emails" that could be "produced in discovery"—in March of 2019, just one month before this case was filed and five months before Plaintiffs' first discovery responses were served.

It is therefore not surprising that Wellpath simply failed to respond to other RFP's contained in Plaintiffs' First Discovery Requests, knowing that it could not provide any ESI at all, because it had all been destroyed. Wellpath was then perfectly content to put forth the myth of not being aware of any responsive ESI as long as Plaintiffs' counsel was unaware of what was occurring east of the mountains in the Eastern District in *Moreno*.

Defense counsel was aware of the nationwide spoliation of all ESI by Wellpath no later than November 12, 2019—before Wellpath served its first responses to Plaintiffs' First Discovery Requests on December 27, 2019—when it filed the declaration of Richard Strickland in *Moreno* outlining the systematic destruction of ESI all across the country, with "bad emails being produced in discovery" being one reason for the destruction--unless there was a prior litigation hold placed on ESI related to individuals, likely "in suit," who were named in the 15 page spreadsheet set forth in *Ex. O*. At that point, both Wellpath and defense counsel had a clear duty to inform Plaintiffs of what had occurred.

PLAINTIFFS' MOTION TO COMPEL DISCOVERY
AND REQUEST FOR ATTORNEY'S FEES AND
SANCTIONS-10

**THE LEVINE LAW FIRM, PLLC**
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
kany@kanylevinelaw.com

Wellpath was placed on notice that litigation was forthcoming in this case on December 4, 2017, well over a year before it instituted its new retention policy, when it received the preservation letter set forth in *Exhibit A*. It was further placed on notice by Craig McIvor, previous counsel for Wellpath in *both* this case and in *Moreno*, when he informed Wellpath in January of 2019 that one of the open cases in his office was "Nall," a case that was "not in suit." It is unclear whether Wellpath's decision with regard to litigation holds was based on whether the case was "in suit" or not—although this seems likely--but it appears evident that Wellpath destroyed all ESI related to this case, despite receiving a preservation letter; despite Mr. McIvor's correspondence with the undersigned concerning a potential pre-filing settlement and his having reviewed a draft complaint; and despite being told by McIvor that the *Nall* case was "open."

Under FRCP 37(a)(3), the Court may grant a party's motion to compel a party to provide documents sought in discovery under FRCP 34, and under Rule 37(a)(4), an evasive or incomplete response by the responding party to such a request must be treated as a failure to disclose, answer, or respond. Under Rule 37(a)(5), if the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the Court must require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Here, it is clear that in all of the RFP requests referred to above and in the *Declaration of Kany M. Levine,* and in *Exhibits H* and *I,* Wellpath either responded evasively, incompletely, directly misled Plaintiffs or outright lied to them, or did not respond to the RFP at all. Wellpath knew it had no ESI to provide to Plaintiffs because they had destroyed it all, and, unfortunately, deliberately tried to hide this information from Plaintiffs. As such, this Court should order that

PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND REQUEST FOR ATTORNEY'S FEES AND SANCTIONS-11

**THE LEVINE LAW FIRM, PLLC**
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
kany@kanylevinelaw.com

Wellpath pay for the reasonable expenses and attorney's fees for Plaintiff's counsel having to draft this motion.

Additionally, FRCP 26(g)(3) requires the Court to impose an appropriate sanction, including attorney's fees, on an attorney who, in signing a discovery response, improperly certifies, to the best of the person's knowledge, information, and belief formed after a reasonable inquiry, that the response was not interposed for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

Here, FAVROS Law violated FRCP 26(g) when its counsel signed Wellpath's responses to Plaintiffs' discovery requests on December 27, 2019, and on January 17, 2020. Counsel knew, no later than November 12, 2019, when it filed in *Moreno* the *Declaration of Richard Strickland* as set forth in *Exhibit R*, that at the barest of minimums, they needed to explore this issue further as it pertained to this case. Indeed, Wellpath's answers to Plaintiffs on December 27, 2020, and January 17, 2020, concerning requests related to documents, including ESI, were evasive, misleading, or false. As such, both Wellpath and FAVROS law should be responsible for sanctions, up to and including attorney's fees.

### V.   CONCLUSION

Plaintiffs respectfully request that the Court order the relief sought in Section **I.**, above, and as set forth in the accompanying proposed order.

Respectfully Submitted this 21st Day of July, 2020.

          THE LEVINE LAW FIRM, PLLC

          */s Kany M. Levine*_____
          Kany M. Levine, WSBA No. 18969
          Attorney for Plaintiffs

PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND REQUEST FOR ATTORNEY'S FEES AND SANCTIONS-12

**THE LEVINE LAW FIRM, PLLC**
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
kany@kanylevinelaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following individuals:

>Michele C. Atkins
>Chad W. Beck
>FAVROS Law, PLLC
>Attorneys for Defendants
>701 Fifth Avenue, Suite 4750
>Seattle, WA 98104
>michele@favros.com
>chad@favros.com

>*s/ Kany M. Levine*
>KANY M. LEVINE

PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND REQUEST FOR ATTORNEY'S FEES AND SANCTIONS-13

**THE LEVINE LAW FIRM, PLLC**
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
kany@kanylevinelaw.com