The Honorable Robert J. Bryan

1
2
3
4
5
6
7

UNITED STATED DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10
11

JACINTA NALL, as Guardian of the Estate for
TESSA JOY NALL; ALISSA NALL; ERIC
MASSEY, as Parent and Guardian for D.M., a
minor child; ERIC MASSEY, as Next Friend
for D.W., a minor child; CRYSTAL NALL, as
Next Friend for T.N., a minor child,

12

                    Plaintiffs,

13

        vs.

No. 3:19-cv-05289-RJB

**DECLARATION OF KANY M. LEVINE
IN SUPPORT OF PLAINTIFFS' MOTION
TO COMPEL DISCOVERY AND
REQUEST FOR ATTORNEY'S FEES
AND SANCTIONS**

14
15
16
17
18
19
20
21
22
23
24
25

CORRECT CARE SOLUTIONS, LLC, aka
WELLPATH, LLC; KAREN LUDY, MHP,
Individually and as Employee of CORRECT
CARE SOLUTIONS, LLC; KAREN
NYGAARD, RN, Individually and as Employee
of CORRECT CARE SOLUTIONS, LLC;
KITSAP COUNTY, A Municipal Corporation;
GARY SIMPSON, SHERIFF, Individually and
Officially as Employee and/or Agent of
KITSAP COUNTY; MARK RUFENER, JAIL
ADMINISTRATOR, Individually and
Officially as EMPLOYEE and/or Agent of
KITSAP COUNTY; SCOTT KASTEN,
CORRECTIONS OFFICER, Individually and
Officially as Employee and/or Agent of
KITSAP COUNTY; STEVEN LAWSON,
CORRECTIONS OFFICER, Individually and
Officially as Employee and/or Agent of
KITSAP COUNTY; GENIE ELTON,
CORRECTIONS OFFICER, Individually and

DECLARATION OF KANY M. LEVINE IN SUPPORT
OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY
AND REQUEST FOR ATTORNEY'S FEES AND
SANCTIONS-1

**THE LEVINE LAW FIRM, PLLC**
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
kany@kanylevinelaw.com

1 | Officially as Employee and/or Agent of
2 | KITSAP COUNTY; JERRY RANDALL,
   | Individually and Officially as Employee and/or
3 | agent of KITSAP COUNTY; GREG CHAVEZ,
   | Individually and Officially as Employee and/or
4 | agent of KITSAP COUNTY; JOHN AND
   | JANE DOES 1-10,
5 |
6 |                    Defendants.
7 |

8      I, Kany M. Levine, hereby declare as follows:

9      1.      I am over the age of 18, am competent to testify in this matter, and make this

10 declaration based on my personal knowledge.

11     2.      I am attorney of record for the Plaintiffs in the above-referenced matter.

12     3.      I was retained by the family of Tessa Nall shortly after she suffered a serious and

13 permanent brain injury during a suicide attempt at the Kitsap County Jail on August 17, 2017.

14     4.      On December 4, 2017, I sent a preservation letter to Correct Care Solutions, LLC

15 (hereinafter "CCS"), requesting, in the anticipation of litigation, *inter alia*, the retention and

16 preservation of all documents, emails, and other electronic storage information ("ESI") relating

17 to the attempted suicides of Tessa Nall on August 16-17, 2017.  A true and correct copy of this

18 letter, and a signed return receipt from CCS, is attached as *Exhibit A*.

19     5.      On March 8, 2018, I sent another letter to CCS that reminded them of the

20 preservation letter I had sent on December 4, 2017.  A true and correct copy of this letter, and a

21 signed return receipt from CCS, is attached as *Exhibit B*.

22     6.      On August 13, 2018, I sent a letter and a draft complaint to prior counsel for CCS

23 and Kitsap County in this matter, Craig McIvor of Lee Smart, P.S.  A true and correct copy of

DECLARATION OF KANY M. LEVINE IN SUPPORT
OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY
AND REQUEST FOR ATTORNEY'S FEES AND
SANCTIONS-2

THE LEVINE LAW FIRM, PLLC
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
kany@kanylevinelaw.com

this letter is attached as *Exhibit C*.  Subsequent to Mr. McIvor's receipt of this letter, he and I discussed on the phone the possibility of attempting to negotiate a pre-filing settlement.

7.     Mr. McIvor subsequently sent me a letter, dated September 11, 2018, wherein he referenced our draft complaint, indicated that he and his clients wished to investigate the possibility of a pre-filing settlement, and requested that I send him numerous materials related to the *Nall* case.  A true and correct copy of this letter is attached as *Exhibit D*.

8.     I responded to Mr. McIvor's letter by way of a letter dated September 16, 2018, wherein I confirmed that Mr. McIvor was in receipt of the Bremerton Police Department's investigation of Tessa's attempted suicide, and also listed the materials that I had sent to Mr. McIvor for his review.  A true and correct copy of this letter is attached as *Exhibit E*.  True and correct copies of other correspondence by me to Mr. McIvor, indicating his knowledge of this matter, are attached as *Exhibit F*.

9.     Mr. McIvor then did not respond to my entreaties for approximately three months. I finally spoke with Mr. McIvor in March of 2019, wherein he indicated we could likely schedule pre-filing mediation in May of 2019.  He also indicated that he would have an offer on this case for me within two weeks.  Mr. McIvor's statement proved incorrect, and I filed this action on April 16, 2019.  *ECF* 1.

10.     Michele Atkins of Fain, Anderson, Vanderhoef, Rosendahl, O'Halloran, Spillane, PLLC (hereinafter "FAVROS Law"), entered her notice of appearance in this case on April 26, 2019.  *ECF* 3.  Chad Beck of FAVROS Law entered a notice of association of counsel on May 3, 2019.  *ECF* 7.

DECLARATION OF KANY M. LEVINE IN SUPPORT
OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY
AND REQUEST FOR ATTORNEY'S FEES AND
SANCTIONS-3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

11.     On August 22, 2019, I served on defendants, through their counsel Ms. Atkins and Mr. Beck, "Plaintiffs' First Set of Interrogatories And Requests For Production To Defendants (hereinafter "Plaintiffs' First Discovery Requests").

12.     Defendant Correct Care Solutions, LLC, aka Wellpath, LLC (hereinafter "Wellpath"), did not provide a response to this request within 30 days as required by FRCP 33(b)(2) (Interrogatories) and 34(b)(2) (Requests for Production).

13.     On November 22, 2019, I received a letter from Mr. Beck, dated November 21, 2019, indicating that responses to Plaintiff's First Discovery Requests were attached, but that these responses were "only from Kitsap County and not Correct Care Solutions/Wellpath," and that he "hope[d] to supplement these discovery responses with information and documentation from Correct Care Solutions/Wellpath in the near future."  A true and correct copy of this letter is attached as *Exhibit G*.

14.     On December 11, 2019, Mr. Beck and I held a "meet and confer" teleconference pursuant to LCR 37(a)(1) to discuss Wellpath's dilatory responses, which by then were nearly three months late.  I indicated that I intended to file a motion to compel soon.  Mr. Beck indicated that he expected to have Wellpath's responses by December 13, 2019.  Mr. Beck and I had another meet and confer on December 16, 2020, wherein he indicated that he had not yet received Wellpath's responses, but again expected to very soon.  Based on Mr. Beck's continued assurances, I did not file a motion to compel at that point in time, and Wellpath finally served their responses on December 27, 2019.   These responses are entitled "Plaintiffs' First Set of Interrogatories and Requests for Production To Defendants, *"With First Supplemental*

DECLARATION OF KANY M. LEVINE IN SUPPORT
OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY
AND REQUEST FOR ATTORNEY'S FEES AND
SANCTIONS-4

**THE LEVINE LAW FIRM, PLLC**
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
kany@kanylevinelaw.com

*Responses Thereto*" (emphasis in original).   A true and correct copy of Wellpath's first responses to Plaintiff's first discovery requests are attached to this Declaration as *Exhibit H.*

15.     Wellpath did not verify these responses as required by FRCP 33(b)(3) and (5). Counsel for Wellpath certified in Wellpath's response "The undersigned attorneys for Defendants, Michele Atkins and Chad Beck, have reviewed the foregoing Plaintiff's First Set of Interrogatories and Request for Production and the answers thereto, and certifies that they are in compliance with Federal Rules of Civil Procedure 26, 33, and 34." *Ex. H.*

16.      On January 17, 2020, Wellpath served their "Second Supplemental Responses" to Plaintiff's First Discovery Requests.   A true and correct copy of Wellpath's "Second Supplemental Responses" to Plaintiff's first discovery requests are attached to this Declaration as *Exhibit I.*[1]

17.     As was the case with Wellpath's "First Supplemental Responses," Wellpath did not verify these responses as required by FRCP 33(b)(3) and (5), and counsel for Wellpath certified in Wellpath's response that "The undersigned attorneys for Defendants, Michele Atkins and Chad Beck, have reviewed the foregoing Plaintiff's First Set of Interrogatories and Request for Production and the answers thereto, and certifies that they are in compliance with Federal Rules of Civil Procedure 26, 33, and 34." *Ex. I.*

18.     Plaintiffs' first discovery requests to Wellpath defines the word "Documents" as including, among other definitions, "any computer readable media including, but without

---

[1] Defendant Kitsap County served their responses to Plaintiffs' First Discovery Requests on November 27, 2020.

DECLARATION OF KANY M. LEVINE IN SUPPORT
OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY
AND REQUEST FOR ATTORNEY'S FEES AND
SANCTIONS-5

THE LEVINE LAW FIRM, PLLC
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
kany@kanylevinelaw.com

1   limitation, emails, other electronically stored information, text messages, instant messages,

2   direct messages . . ..” *Ex. H* at 3-4 (hereinafter referred to as “ESI).”

3       19.     Given the definition of documents as set forth in Ex. H, Plaintiffs requested ESI

4   under its Request for Production (“hereinafter “RFP”) # 3--and all other RFP’s described here--

5   as set forth in *Ex. H*.  RFP #3 requested ESI concerning an individual defendant in this case,

6   Karen Ludy, who was employed by Wellpath in the Kitsap County Jail on August 16-17, 2017.

7   Wellpath, who contracted with Kitsap County to provide medical and mental health services to

8   inmates at the Kitsap County Jail at that time,  provided no ESI in response, stating in its response

9   to RFP #3, “Subject to and without waiving the above objection, Wellpath/CCS is not aware of

10  any supplemental documentation responsive to this request.”  *Ex. H* at 8.

11      20.     In RFP # 4, Plaintiffs requested ESI related to individuals who had knowledge of

12  defendant Karen Ludy’s statements to another employee of Wellpath, Lynn Hedlund, who knew

13  that Ludy had lied about following Wellpath’s protocols when she released Tessa from a crisis

14  cell, just before she attempted to commit suicide for the second time.  Wellpath’s response was

15  “Wellpath/CCS is not aware of any additional documentation at this time aside from what has

16  previously been produced through discovery.” *Ex. H* at 9-10.

17      21.     In RFP #5, Plaintiffs requested ESI related to individuals who had knowledge that

18  another individual defendant and employee of Wellpath, Karen Nygaard, or anyone else, had

19  told Lynn Hedlund or any other agent of Wellpath to withhold information and cover up the fact

20  that Karen Ludy had not followed Wellpath’s protocols when she authorized the release of Tessa

21  from the crisis cell on August 17, 2017, and without assigning her to a special  management cell.

22  Wellpath responded “See Supplemental Answer to Interrogatory No. 5, incorporated here.”  *Ex.*

DECLARATION OF KANY M. LEVINE IN SUPPORT
OF PLAINTIFFS’ MOTION TO COMPEL DISCOVERY
AND REQUEST FOR ATTORNEY’S FEES AND
SANCTIONS-6

**THE LEVINE LAW FIRM, PLLC**
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
kany@kanylevinelaw.com

*H* at 11. Wellpath's answer to Interrogatory #5 stated, "Without waiving the above objection, Wellpath/CCS will provide contact information in accordance with the Federal Rules of Civil Procedure and subject to applicable objections upon plaintiff's identification of specific witnesses who may have evidence reasonably calculated to lead to the discovery of admissible evidence." *Id.*

22.    Plaintiffs' RFP #9 requested ESI related to whom Wellpath interviewed with regard to Plaintiffs allegations and all statements taken from those persons interviewed, to which Wellpath responded, "See Supplemental Answer to Interrogatory No. 9, incorporated here." *Ex. H* at 14. Wellpath's response to Interrogatory #9 was, "Subject to and without waiving objection, Wellpath/CCS is not aware of anyone who was interviewed outside of the information contained in the documentation produced thus far, including the KCIRT Investigation File." *Id.*

23.    Plaintiffs' RFP #10 requested ESI related to any conversations or statements made by any party or agent of any party to this lawsuit, or any witness, which related directly or indirectly to Plaintiffs claims. Wellpath responded, "See Answer to Interrogatory No. 10, incorporated here." *Ex. H* at 15. Wellpath's answer to Interrogatory #10 was, "Subject to and without waiving above objection, Wellpath/CCS is not aware of any additional responsive information aside from what has already been produced or is privileged." *Id.* Wellpath did not provide a privilege log with regard to RFP #10.

24.    Plaintiffs' RFP #17 requested ESI that related to communications made between a defendant and any other defendant, or owners, managers, administrators, supervisors, employees, or agents of any other defendants, about the allegations raised in this action. A "Supplemental Response" from Defendant *Kitsap County* stated, "Additional objection is made

DECLARATION OF KANY M. LEVINE IN SUPPORT
OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY
AND REQUEST FOR ATTORNEY'S FEES AND
SANCTIONS-7

**THE LEVINE LAW FIRM, PLLC**
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
kany@kanylevinelaw.com

to the extent that this request calls for responsive documentation protected by the attorney work-product doctrine and attorney-client privileges. Subjection to these objections, see attached emails with associated redaction log from *Kitsap County*." *Ex. H* at 20 (emphasis added).  Thus, Defendant Wellpath did not respond to this RFP.

25.     In Wellpath's "Second Supplemental Responses" to Plaintiffs' First Discovery Requests," Wellpath again did not respond to Plaintiffs' request for ESI in RFP #17, as described in ¶24, above. *Ex. I* at 20.

26.     Plaintiffs' RFP #18 requests documents related to training by Defendants of Wellpath's employees with regard to various categories of issues related to inmates' mental health.  Wellpath responded in its first response, "Subject to and without waiving objection above, Wellpath/CCS is in the process of searching for and obtaining documentation it possesses relating to training and will supplement this Response once discovered." *Ex. H* at 20-21.  In its Second Supplemental Response, Wellpath stated, "Subject to and without waiving previous objections, see attached."  No ESI was contained within the attached documents responsive to RFP #18. *Ex. I* at 20-21.

27.     Plaintiffs' RFP #19 requests all documents related to Defendants' policies and procedures, practices, and customs with regard to various categories of issues related to inmates' mental health.  Wellpath responded in its First Supplemental response, "Subject to and without waiving objection above, Wellpath/CCS is in the process of searching for and obtaining documentation it possesses relating to training and will supplement this Response once discovered." *Ex. H* at 21-22.   In its Second Supplemental Response, Wellpath stated, "Subject

DECLARATION OF KANY M. LEVINE IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND REQUEST FOR ATTORNEY'S FEES AND SANCTIONS-8

**THE LEVINE LAW FIRM, PLLC**
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
kany@kanylevinelaw.com

to and without waiving previous objections, see attached." No ESI was contained within the attached documents responsive to RFP #19. *Ex. I* at 21-22.

28.     Plaintiffs' RFP #22 requests all documents relating to the decision of Wellpath and Kitsap County's decision to not renew Wellpath's contract to provide medical and mental health services to inmates in the Kitsap County Jail. The only document produced was a letter from Wellpath to the County, dated August 21, 2018, stating that Wellpath (then known as Correct Care Solutions, LLC), did not intend to submit a bid in response to a new RFP posted by Kitsap County. This letter was not produced by Defendant Wellpath, but was produced by Defendant Kitsap County. Wellpath has never responded to RFP #22. *Ex. H* at 23; *Ex. I* at 23.

29.     Plaintiffs' RFP #23 requests that to the extent not already provided, Defendants produce "all other non-privileged documents that concern or relate to this lawsuit." Wellpath has never responded to RFP #23. *Ex. H* at 23-24; *Ex. I* at 23-24

30.     On February 17, 2020, the parties scheduled mediation for April 23, 2020. Given the COVID 19 pandemic, however, the mediation was rescheduled for June 23, 2020. All parties and their counsel agreed to hold off conducting depositions until after mediation as a way of conserving resources and because it appeared settlement might be possible at mediation. [2]

31.     On April 28, 2020, I notified defense counsel that Wellpath had still not provided verifications for their two responses to Plaintiff's First Discovery Requests. Wellpath did not provide these verifications until June 1, 2020. The verifications were signed by "Andrew Small" on May 26, 2020, and state that Mr. Small "has knowledge of the subjects raised by Plaintiffs'

---

[2] The Court ordered mediation as part of its original scheduling order. *ECF* 19.

DECLARATION OF KANY M. LEVINE IN SUPPORT
OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY
AND REQUEST FOR ATTORNEY'S FEES AND
SANCTIONS-9

**THE LEVINE LAW FIRM, PLLC**
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
kany@kanylevinelaw.com

interrogatories above, has read the foregoing answers to those interrogatories, and declares under penalty of perjury under the Laws of the State of Washington that those answers are true and correct." True and correct copies of these verifications are attached as *Exhibit J*.

32. On April 27, 2020, I served on defendants "Plaintiffs' Third Set of Interrogatories And Requests For Production To Defendants (hereinafter "Plaintiff's Third Discovery Requests"). A true and correct copy of Plaintiffs' Third Discovery Requests is attached as *Exhibit K*. Plaintiffs requested "Documents"—again defined as including, among other definitions, "any computer readable media including, but without limitation, emails, other electronically stored information, text messages, instant messages, direct messages . . ..", *Ex. K* at 3-4--from Wellpath, specifically with regard to RFP #'s 25, 26, 27, 29, 30, and 31. Wellpath did not respond to Plaintiffs' Third Discovery Requests within the 30 days required by FRCP 33(b)(2) and 34(b)(2). [3]

33. While subsequently conducting research via ECF on another case involving CCS/Wellpath, *Moreno, et. al. v. Correct Care Solutions, LLC, et. al.,* cause no. 4:18-cv-05171 (E.D. WA)--a jail inmate wrongful death case out of Benton County where Ms. Atkins and Mr. Beck also represent CCS/Wellpath--I discovered that the Court on June 1, 2020, had filed an "*Order Granting Plaintiffs' Rule 37(e) Motion For Default Judgment*" against CCS/Wellpath. *See ECF 145; Estate of Moreno v. Corr. Healthcare Cos.*, 2020 U.S. Dist. LEXIS 108370. A true and correct copy of the *Moreno* Court's "*Order Granting Plaintiffs' Rule 37(e) Motion For*

---

[3] Plaintiffs also requested discovery from Defendant Kitsap County in its third discovery requests, i.e. Interrogatory #'s 16, 18, and 19, and RFP #'s 28 and 32. Plaintiffs second written requests for discovery were only directed to Defendant Kitsap County.

DECLARATION OF KANY M. LEVINE IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND REQUEST FOR ATTORNEY'S FEES AND SANCTIONS-10

*Default Judgment" a*gainst CCS/Wellpath (hereinafter "*Moreno Default Order*"), is attached as *Exhibit L.*

34.     The *Moreno Default Order* revealed the Court had granted a default judgment against CCS/Wellpath based on the massive, nationwide, intentional spoliation of emails by Wellpath as part of their new, nationwide document "retention" policy that was implemented in February of 2019—spoliation that included relevant ESI in *Moreno*—and that the purge of emails began in March of 2019, approximately one month before the *Nall* case was filed.  Wellpath admitted the intentional spoliation, and in fact admitted that one reason for the destruction of this ESI was to delete "bad emails that could be produced in discovery."  *Exhibit L* at 11-12, 16.  It thus appeared that this intentional destruction of ESI nationwide by Wellpath could have a profound effect on the case in *Nall,* and in fact could be related to Wellpath's dilatory discovery responses—responses that when received, included no ESI.

35.     On June 8, 2020, I had a "meet and confer" conference with Chad Beck concerning Wellpath's dilatory response to Plaintiffs' third discovery requests, pursuant to LCR 37(a)(1).  At this conference, I discussed with Mr. Beck what I had learned in the *Moreno* case, that I expected to see Wellpath's responses to Plaintiffs' Third Discovery Requests promptly, and certainly before mediation, scheduled for two weeks hence.

36.     On June 9, 2020, I sent an email to Ms. Atkins and Mr. Beck memorializing the situation with regard to Plaintiff's third discovery requests.  Given the fact I believed there was a reasonably good chance of settling this case at mediation, I indicated I would not file a motion to compel prior to mediation, but if we did not settle at mediation I planned to raise the issue of

DECLARATION OF KANY M. LEVINE IN SUPPORT
OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY
AND REQUEST FOR ATTORNEY'S FEES AND
SANCTIONS-11

**THE LEVINE LAW FIRM, PLLC**
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
kany@kanylevinelaw.com

Wellpath's systematic destruction of ESI in a future motion to compel.  A true and correct copy of this email is attached as *Exhibit M.*

37.     On June 20, 2020, I sent another email to Ms. Atkins and Mr. Beck indicating my concern over the situation in the *Moreno* case, i.e. the systematic destruction of ESI by Wellpath, and their continued dilatory responses, as well as non-responses, to Plaintiffs' first discovery requests.  A true and correct copy of this email is attached as *Exhibit N.*  I also attached a copy of the document preservation letter I had sent to Correct Care Solutions, LLC, on December 4, 2017.  *See Exhibit A.*

38.     We proceeded to mediation as scheduled on June 23, 2020.  We mediated for 10 hours, until approximately 7:30 p.m. PST, at which point Wellpath requested a "pause" in the mediation as there were persons involved who were on the East Coast, where it was approximately 10:30 p.m.  While some progress was made in mediation, the parties ultimately remained significantly apart.  Plaintiffs made the last move, but Defendants have not resumed negotiating since.

39.     I subsequently engaged in further research in the *Moreno* record and discovered that Exhibit H to a declaration in support of "*Plaintiffs' Rule 37(e) Motion for Default Judgment Against Defendants Correctional Healthcare Companies, Inc. and Correct Care Solutions, LLC for Spoliation of Evidence*" contained a 15 page list of all of Wellpath's employees in the United States that had litigation holds placed on their files at the time of Wellpath's ESI purge in March of 2019.  While I have not yet done an exhaustive search of this list for all relevant witnesses in *Nall*, I have initially searched for four very obvious ones: defendants Karen Ludy and Karen Nygaard, and witnesses Patty Slaye and Lynn Hedlund.  None of these four witnesses are on this

DECLARATION OF KANY M. LEVINE IN SUPPORT
OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY
AND REQUEST FOR ATTORNEY'S FEES AND
SANCTIONS-12

**THE LEVINE LAW FIRM, PLLC**
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
kany@kanylevinelaw.com

list.  This means that all ESI relating to these four witnesses was intentionally purged by Wellpath.  A true and correct copy of the 15 page list of all of Wellpath's employees in the United States that had litigation holds placed on their files at the time of Wellpath's ESI purge in March of 2019 is attached here as *Exhibit O*.

40.    Further research into the *Moreno* record revealed Wellpath's director of Claims Management, Geri Ashley, had on January 9, 2019, sent a letter to Craig McIvor of Lee Smart, P.S., Wellpath's previous attorney in *both* the *Nall* and *Moreno* cases, requesting that he identify all open Wellpath files in his office, and that he provide from those open files the names of individual employed parties named in a lawsuit, and that he should also provide the names of individuals not named that could be considered key witnesses.  A true and correct copy of this letter is attached here as *Exhibit P*.

41.    On January 16, 2019, Mr. McIvor wrote back to Wellpath with the list of open files.  Included in this list was "Nall v. Kitsap County; Correct Care Solutions – Not in suit."  A true and correct copy of this letter is attached here as *Exhibit Q*.  Thus, Wellpath was placed on notice that the Tessa Nall case was an "open" file, but "not in suit."

42.    Attached as *Exhibit R* is a true and correct copy of the "*Declaration of Richard Strickland in Support of Defendants Opposition to Plaintiffs' Third Motion to Compel Discovery From Correctional Healthcare and Correct Care Solutions*," dated and filed in *Moreno* on November 12, 2019.  Mr. Strickland is the Information Technology Security Manager at Wellpath.  His declaration clearly indicates that all emails of agents of Wellpath that were related to the *Nall* case would have been destroyed unless there was a litigation hold placed on those employees' emails, and thus supports the fact that, as indicated in the list of those Wellpath

DECLARATION OF KANY M. LEVINE IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND REQUEST FOR ATTORNEY'S FEES AND SANCTIONS-13

**THE LEVINE LAW FIRM, PLLC**
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
kany@kanylevinelaw.com

employees whose emails were placed on a litigation hold as set forth in *Exhibit O,* all emails pertaining to Karen Ludy, Karen Nygaard, Patti Slaye, and Lynn Hedlund, were intentionally deleted by Wellpath.

43.     The *Nall* case was filed exactly three months after Mr. McIvor wrote to Wellpath indicating the presence of an open file in the *Nall* case.  All of Wellpath's responses to Plaintiffs' written discovery requests, all of which were, or are dilatory, and most of which are either incomplete, misleading, false, or missing, were received after Wellpath was put on notice that the *Nall* case was "open."  None of Wellpath's responses make the slightest mention of the company's document "retention" policy, instituted in February of 2019, or, pursuant to that policy, that ESI related to the *Nall* case was deliberately destroyed.

44.     Ms. Atkins and Mr. Beck filed Mr. Strickland's declaration in *Moreno* on November 12, 2019.  That means that Ms. Atkins, Mr. Beck, and FAVROS Law were aware of Wellpath's systematic destruction of ESI pursuant to their document retention policy instituted in February of 2019, no later than November 12, 2019.

45.     On July 7, 2020, I sent a letter to Ms. Atkins and Ms. Beck raising the fact, *inter alia*, that based upon a number of the documents discussed in this declaration, emails relevant to the *Nall* case had almost certainly been destroyed.  A true and correct copy of this letter is attached as *Exhibit S*.  Neither Ms. Atkins nor Mr. Beck has responded to this portion of the letter.

46.     On July 13, 2020, I sent an email to Ms. Atkins and Mr. Beck requesting another meet and confer conference pursuant to LCR  37(a)(1).  A true and correct copy of that email is attached as *Exhibit T.*

DECLARATION OF KANY M. LEVINE IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND REQUEST FOR ATTORNEY'S FEES AND SANCTIONS-14

**THE LEVINE LAW FIRM, PLLC**
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
kany@kanylevinelaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

47.     Mr. Beck and I conducted the conference on July 16, 2020.  Mr. Beck indicated he had reached out to Wellpath, but they had provided no further information with regard to Plaintiffs' discovery requests.

48.     Later that afternoon, Mr. Beck sent me an email stating that he had "just heard back from Wellpath regarding the status of its discovery responses," and that he had already received the county's responses which he could provide the following day.  A true and correct copy of this email is attached as *Exhibit U*.  I did not receive any discovery responses or further information from Mr. Beck on Friday, July 17, 2020.

49.     On Monday, July 20, 2020, I received an email from Mr. Beck stating that he was waiting on "final verification from Wellpath to approve their discovery responses."  A true and correct copy of this email is attached as *Exhibit V*.

50.     That same day, I responded to Mr. Beck via email, once again stating my position on Wellpath's discovery responses throughout this case, in light of Wellpath's systematic destruction of ESI that came to light in the *Moreno* case.  A true and correct copy of this email is attached as *Exhibit W*.

51.     As of 4:30 p.m. on January 21, 2020, Wellpath had still not responded to Plaintiff's third discovery requests.  Later that evening, as I was preparing to file Plaintiff's motion to compel, my declaration in support of Plaintiff's motion to compel, and numerous exhibits, I saw in my email that defense counsel had served Wellpath's responses to Plaintiffs' third discovery requests, at 4:53 p.m.  These responses are 55 days late. I have not had the opportunity to review these responses at the time of the filing of Plaintiffs' motion to compel.

DECLARATION OF KANY M. LEVINE IN SUPPORT
OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY
AND REQUEST FOR ATTORNEY'S FEES AND
SANCTIONS-15

**THE LEVINE LAW FIRM, PLLC**
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
kany@kanylevinelaw.com

1       I declare under penalty of perjury under the laws of the State of Washington that the

2   foregoing is true and correct.

3       DATED This 21st Day of July, 2020, at Kingston, WA.

4

5

6                     *s/ Kany M. Levine*
                  KANY M. LEVINE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DECLARATION OF KANY M. LEVINE IN SUPPORT
OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY
AND REQUEST FOR ATTORNEY'S FEES AND
SANCTIONS-16

**THE LEVINE LAW FIRM, PLLC**
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
kany@kanylevinelaw.com

1
2
3
4
5
6
7

## CERTIFICATE OF SERVICE

8    I hereby certify that on this day I electronically filed the foregoing with the Clerk of the

9    Court using the CM/ECF system which will send notification of such filing to the following

10   individuals:

11
12
13
14
15
16

Michele C. Atkins
Chad W. Beck
FAVROS Law, PLLC
Attorneys for Defendants
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
michele@favros.com
chad@favros.com

17
18
19

*s/ Kany M. Levine*
KANY M. LEVINE

20
21
22
23
24
25

DECLARATION OF KANY M. LEVINE IN SUPPORT
OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY
AND REQUEST FOR ATTORNEY'S FEES AND
SANCTIONS-17

**THE LEVINE LAW FIRM, PLLC**
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
kany@kanylevinelaw.com