UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JACINTA NALL, ET. AL.,<br><br>      Plaintiff,<br><br> v.<br><br>CORRECT CARE SOLUTIONS, LLC, aka WELLPATH, LLC, ET. AL.,<br><br>      Defendants. | CASE NO. 19-5289 RJB<br><br>ORDER ON MOTION TO COMPEL |

THIS MATTER comes before the Court on the Plaintiffs' Motion to Compel Discovery and Request for Attorney Fees. Dkt. 43. The Court has considered the pleadings filed regarding the motion and the remaining file.

This civil rights and negligence case arises from Plaintiff Jacinta Nall's two suicide attempts in August of 2017 in the Kitsap County, Washington Jail. Dkt. 1. After her second attempt, Plaintiff Nall suffered a brain injury and requires 24-hour supervision and care. *Id.* She has four children. *Id.*

ORDER ON MOTION TO COMPEL - 1

1    In the instant motion, the Plaintiffs move the Court to (1) order Defendant Correct Care
2 Solutions, LLC, a/k/a Wellpath, LLC ("Wellpath") to fully and truthfully respond to Plaintiff's
3 August 22, 2019 First Set of Interrogatories and Requests for Production, (2) order that all
4 Wellpath's objections in its responses to the Plaintiffs' Third Set of Interrogatories and Requests
5 for Production be waived, and (3) order Wellpath and its lawyers to pay attorneys' fees and
6 sanctions "related to the uncontroverted intentional spoliation of electronic storage information
7 ("EIS") by Wellpath and its "dilatory, incomplete, missing, misleading and or false information
8 concerning EIS" given in response to the Plaintiffs' discovery requests.  Dkt. 43.  For the reasons
9 provided below, the motion (Dkt. 43) should be granted, in part, and denied, in part.

## I.   FACTS

After Ms. Nall's August 2017 injury, her family retained a lawyer who sent a letter to Wellpath on December 4, 2017, requesting, in anticipation of litigation, that Wellpath retain and preserve all documents, emails, and other electronically stored information related to the August 16, 2017 and August 17, 2017 events concerning Ms. Nall.  Dkt. 43-2, at 1-5.  The Plaintiffs' lawyer and a lawyer representing Wellpath, Craig McIvor of the law firm Lee Smart P.S., corresponded for months about negotiating a pre-filing settlement.  Dkt. 43-2, at 7-19.  When Wellpath's lawyer failed to respond to Plaintiffs' lawyer's inquiries for three months, the Plaintiffs filed this case on April 16, 2019.  Dkts. 43-1, at 3 and 1.  Wellpath's current lawyers, Michele Atkins and Chad Beck filed their notices of appearances on April 26, 2019 and May 3, 2019 respectively.  Dkts. 3 and 7.  Ms. Akins and Beck have appeared on behalf of all the Defendants.  *Id.*

On August 22, 2019, the Defendants were served with the discovery requests that are at issue here.  Dkt. 43-1.  In particular, the Plaintiff's Requests for Production: #3, #4, #5, #9, #10,

1  #17, #22, and #23 request documents (defined, in part, as including "any computer readable media including, but without limitation, emails, other electronically stored information, text messages, instant messages, direct messages . . ."). Dkt. 45-1. It is Wellpath's responses (or lack thereof) that are at issue in this motion.

After agreed extensions, on November 22, 2019, the Defendants' lawyers served the Plaintiffs with Defendant Kitsap County's responses; these responses were "only from Kitsap County and not Correct Care/Wellpath." Dkt. 43-2, at 21. On December 27, 2019, Wellpath served its responses, entitled "Supplementary Responses, to the Plaintiff's discovery requests and on January 17, 2020 sent "Second Supplementary Responses." Dkt. 43-2. Wellpath supplemented its response to Request for production #3 on February 3, 2020. Dkt. 45-1, at 51. While Wellpath did not verify these responses at the time they were sent, Wellpath sent a verification by Andrew Small on June 1, 2020. Dkt.43-2, at 78.

On April 27, 2020, Plaintiffs served their "Third Set of Interrogatories and Requests for Production to Defendants." Dkt. 43-2, at 81. According to the Plaintiffs, the Defendants did not respond to those requests until July 21, 2020 at 4:52 p.m. Dkt. 43-1, at 10. The Plaintiffs' lawyers filed this motion to compel at 10:10 p.m. Dkt. 43.

According to the Plaintiffs' counsel, while researching Wellpath (aka Correct Care Solutions) for a different case, he discovered that on June 1, 2020, in *Moreno, et. al., v. Correct Care Solutions, LLC, et. al.,* Eastern District of Washington case number 4:18-cv-5171 RMP, an "Order Granting Plaintiffs' Rule 37(e) Motion for Default Judgment" against Wellpath was entered. Dkt. 43-1, at 10. *Moreno* concerns the death of an 18-year-old man due to severe dehydration while in the Benton County, Washington jail. *Moreno, et. al., v. Correct Care Solutions, LLC, et. al.,* Eastern District of Washington case number 4:18-cv-5171 RMP, Dkt. 1.

(The *Moreno* order is refiled in this case (Dkt. 43-2, at 95-121); citations to the *Moreno* order in this opinion will be from this record). As is important here, the *Moreno* order noted that, "on November 22, 2019, the parties filed a stipulation related to discovery, in which Defendants admitted that they had purged emails and that they had deleted the email accounts of relevant former employees after receiving Plaintiffs' discovery requests." Dkt. 43-2, at 101. It noted that the purge was a result of Wellpath's newest – February 2019 - document retention policy. *Id.,* at 102. The *Moreno* order found that defendants' "own Chief Information Officer . . . agreed during his deposition that one of the motivating factors behind defendants' decision to adopt the new email policy was to destroy bad emails that could be produced in discovery." *Id.,* at 110. The *Moreno* order held that:

> With respect to the first Rule 37(e) factor, Defendants concede that they failed to preserve ESI by purging emails after the Complaint was filed and while in the middle of discovery. Thus, the first Rule 37(e) factor is met. Similarly, Defendants have not contested the second factor, which asks whether Defendants took reasonable steps to preserve the lost ESI. The record in this case supports that Defendants implemented a new document retention policy that destroyed broad swaths of emails, including all of the email accounts of former employees, without taking reasonable steps to preserve emails pertinent to Plaintiffs' claims. Therefore, the Court finds that the second Rule 37(e) factor is met. Finally, because Defendants agree that the emails were permanently deleted and the Court finds that no additional discovery can restore the content of those emails, the Court finds that the third Rule 37(e) factor is met as well.

*Id.*, at 108. After concluding that "the Defendants purposefully destroyed evidence to avoid their litigation obligations," the *Moreno* order awarded dispositive sanctions against Wellpath under Fed. R. Civ. P. 37(e). *Id.*, at 111.

Noticing that Wellpath did not produce many documents in response to their requests for production and out of concern that Wellpath deleted emails and other electronic discovery related to their case, the Plaintiffs propounded additional discovery regarding this issue. Dkt. 43-2, at 81. Further, they now move to compel responses to their first discovery requests that they

ORDER ON MOTION TO COMPEL - 4

assert are inadequate. Dkt. 45. The Plaintiffs state that they are not now making a Rule 37(e) motion for sanctions. *Id.*

The Wellpath responds and opposes the motion. Dkt. 44. The Plaintiffs' have replied (Dkt. 46) and move to strike Wellpath's overlong brief. The motions are ripe for consideration.

## II. DISCUSSION

### A. MOTION TO STRIKE

The Plaintiffs' motion to strike Wellpath's overlong responsive brief (Dkt. 46) should be denied. In the interest of fully and fairly considering all issues raised, the Court should consider the entire brief.

### B. DISCOVERY GENERALLY AND MOTION TO COMPEL STANDARD

Fed. R. Civ. P. 26 (b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"The court should and ordinarily does interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n.12 (1978)(*quoting* 4 J. Moore, Federal Practice ¶ 26.56 [1], p. 26-131 n. 34 (2d ed. 1976)). The Plaintiffs have shown that the materials sought are relevant.

Rule 37(a)(1), "Motion for Order Compelling Disclosure or Discovery," provides,

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or

party failing to make disclosure or discovery in an effort to obtain it without court action.

The parties conferred on July 16, 2020 regarding Wellpath's failure to produce EIS and other responses to the Plaintiffs' first set of discovery requests and the fact that (at that time) Wellpath had not responded to the Plaintiffs' third set of discovery requests. Dkt. 45, at 4. They were unable to come to a resolution. *Id.*

Rule 37(a)(3)(B), provides in relevant part, that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv) a party fails to produce documents . . . as required under Rule 34." "For purposes of [Rule 37(a)], an evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.

### C. MOTION TO COMPEL WELLPATH'S RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS

The Plaintiffs move for an order compelling responses to their first set of Requests for Production: #3, #4, #5, #9, #10, #17, #22, and #23 request documents (defined, in part, as including "any computer readable media including, but without limitation, emails, other electronically stored information, text messages, instant messages, direct messages . . .").

The Plaintiffs' motion to compel responses to their first set of Requests for Production (Dkt. 43) should be granted. Despite knowing by at least November 22, 2019 (as evinced by Wellpath's stipulation filed in *Moreno*) that there at least was a possibility that electronically stored documents that may be responsive to these requests may have been purged from Wellpath's system, Wellpath failed to completely disclose the situation. For example, Interrogatory and Request for Production #3 provides,

> INTERROGATORY NO. 3: Please identify the specific reason(s) why Karen Ludy no longer is employed by Correct Care Solutions, EEC ("CCS"); whether Ms. Ludy resigned, was terminated, or was laid off from her position; the specific date she resigned, was terminated, gave notice of her resignation, or was given notice of a layoff; and the identity, addresses, and phone numbers of all individuals with knowledge of the above information.
> ANSWER:
> Objection—this interrogatory is overbroad as to "all individuals with knowledge" of the above information. Subject to and without waiving objection, Karen Ludy resigned from CCS and her last day of employment was August 17, 2017. Ms. Ludy's resignation was not related to this incident. Ms. Ludy's supervisors at CCS were Lynn Hedlund and Karen Nygaard. This answer may be supplemented at a later time.
> SUPPLEMENTAL ANSWER:
> Subject to and without waiving the above objection, Wellpath/CCS has no supplemental information to add to the above answer.
> REQUEST FOR PRODUCTION NO. 3: Please produce all documents related in any way whatsoever to Interrogatory No. 3.
> RESPONSE:
> Objection—See objection to Interrogatory No. 3, incorporated here. See also K.C.I.R.T Investigation file and Response to Request for Production No. 2. This response may be supplemented at a later time.
> SUPPLEMENTAL RESPONSE:
> Subject to and without waiving the above objection, Wellpath/CCS is not aware of any supplemental documentation responsive to this request.

Dkt. 45-1, at 36-37.  By stating that it is "not aware of any . . . documentation," Wellpath failed to give a complete response to the request because it failed to disclose the pertinent information regarding its document retention plan - a plan which may have caused the emails related to the event to be deleted.  Likewise, Interrogatory and Request for Production #4 provides:

> INTERROGATORY NO. 4: Please identify any and all individuals, and their addresses, and phone numbers, who have knowledge of Karen Ludy's statement(s) to Lynn Hedlund that Ludy had consulted with another Qualified Mental Health Provider ("QMHP"), Patty Slaye, before Ludy authorized the release of Tessa Nall from a crisis cell with no restrictions and without being placed in a modified strip cell or special management cell in KCSOJ on August 17, 2019.
> ANSWER:
> See KCIRT Investigation file and Request for Production No. 2. Also, the following individuals are believed to have knowledge of Ms. Ludy's statement: Lt. Penelope Sapp, Chief Mark Rufener, and Lt. Genie Elton. The aforementioned

ORDER ON MOTION TO COMPEL - 7

individuals may be contacted through counsel Michele Atkins and Chad Beck, FAVROS Law, 701 Fifth Avenue, Suite 4750, Seattle, WA 98104. This answer may be supplemented at a later time.
SUPPLEMENTAL ANSWER:
Wellpath/CCS has nothing to add at present concerning this question aside from information contained in the documentation that has been produced thus far, including the KCIRT Investigation file.
REQUEST FOR PRODUCTION NO. 4: Please produce all documents related in any way whatsoever to Interrogatory No. 4.
RESPONSE:
See Response to Request for Production No. 2 and KCIRT Investigation file.
SUPPLEMENTAL RESPONSE:
Wellpath/CCS is not aware of any additional documentation at this time aside from what has previously been produced through discovery.

Dkt. 45-1, at 30-31.  Similarly, Interrogatory and Request for Production #5 states:

INTERROGATORY NO. 5: Please identify any and all individuals, their addresses, and phone numbers, who have knowledge that Karen Nygaard told Lynn Hedlund not to tell Lieutenant Penelope Sapp of KCSOJ that Karen Ludy had failed to consult with another QMHP before authorizing the release of Tessa Nall from a crisis cell with no restrictions, and without being placed in a modified strip cell or special management cell in KCSOJ on August 17, 2019; and any and all individuals who have knowledge that Karen Nygaard, *or anyone else,* told any employee or agent of CCS or KCSOJ to withhold information concerning Tessa Nall's attempted suicides on August 16* and 17*, 2017.
ANSWER:
**Objection**—this interrogatory lists the incorrect date and is overbroad as to "any and all individuals...or anyone else." Subject to and without waiving objection, see KCIRT Investigation file and Response to Request for Production No. 2. Also, the following individuals are believed to have responsive information: Lt. Penelope Sapp, Chief Mark Rufener, and Lt. Genie Elton. The aforementioned individuals may be contacted through counsel Michele Atkins and Chad Beck, FAVROS Law, 701 Fifth Avenue, Suite 4750, Seattle, WA 98104. This answer may be supplemented at a later time.
**SUPPLEMENTAL ANSWER:**
Without waiving the above objection, Wellpath/CCS will provide contact information in accordance with the Federal Rules of Civil Procedure and subject to applicable objections upon plaintiffs identification of specific witnesses who may have evidence reasonably calculated to lead to the discovery of admissible evidence.
REQUEST FOR PRODUCTION NO. 5: Please produce all documents related in any way whatsoever to Interrogatory No. 5.
RESPONSE:
See KCIRT Investigation file and Response to Request for Production No. 2 and objection and answer to Interrogatory No. 5, incorporated here.

ORDER ON MOTION TO COMPEL - 8

**SUPPLEMENTAL RESPONSE:**
See supplemental Answer to Interrogatory No. 5, incorporated here.

Dkt. 45-1, at 32-33. The Plaintiff states that no electronically stored documents from Wellpath have been produced for Requests for Production #5, #9, #10, #17, #22, and #23. Further, while Wellpath claimed that it " . . . is not aware of any additional responsive information aside from what has already been produced or is privileged," in its response to #10, Wellpath did not produce a privilege log. Wellpath should be ordered to fully respond to Plaintiffs' First set of Requests for Production.

### D. MOTION FOR ORDER WAIVING OF OBJECTIONS TO PLAINTIFF'S THIRD SET OF DISCOVERY REQUESTS

Under Rule 33(b)(2) and 34 (b)(2)(A), parties must serve responses to interrogatories and requests for production within 30 days after being served.

The Plaintiffs' motion (Dkt. 43), that the Court rule that all of Wellpath's objections to Plaintiff's third set of discovery requests are waived because they were filed late, should be denied. The Plaintiffs received the responses hours before they filed their motion but, acknowledge that they did not review them before filing the motion.

To the extent that the Plaintiffs assert that some of the responses to Plaintiff's third set of discovery requests contain the same failings as Wellpath's prior responses, the parties have not engaged in a Rule 37(a)(1) conference on this issue. To the extent Plaintiffs move to compel responses to their third set of discovery requests in their reply, the motion should be denied without prejudice. The parties are encouraged to work together to resolve this issue and not file another motion, unless it is necessary.

ORDER ON MOTION TO COMPEL - 9

**E. SANCTIONS-PAYMENT OF EXPENSES**

Fed. R. Civ. P. 37(a) provides, in part, the following guidance concerning motions to compel discovery:

> (5) *Payment of Expenses; Protective Orders.*
>
> (A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5).

Courts are given broad discretion to control discovery under Fed. R. Civ. P. 37, including "particularly wide latitude … to issue sanctions under FRCP 37(c)(1)[.]" *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 859 (9th Cir. 2014) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir. 2001)).

The Plaintiffs' motion to compel should be granted as above. The Plaintiffs are entitled to an award of reasonable expenses, including attorneys' fees in this case. Wellpath and its lawyers should be ordered to pay the Plaintiffs' reasonable expenses incurred in making the motion.

The Plaintiffs' did not indicate the amount of attorneys' fees they seek. Plaintiffs should be ordered to do so on or before August 27, 2020. Wellpath's response, if any, to the amount

requested by Plaintiffs, should be filed by September 9, 2020. Plaintiffs' reply, if any, should be filed by September 11, 2020.

**F. CONCLUSION**

The parties' pleadings indicate that they made some progress at their mediation. As they prepare this case for trial, they are also encouraged to continue to work together to settle the case.

### III. ORDER

**IT IS ORDERED THAT:**

(1) The Plaintiffs' motion to strike Wellpath's overlong brief (Dkt. 46) **IS DENIED**;

(2) The Plaintiffs' Motion to Compel Discovery and Request for Attorney Fees (Dkt. 43) **IS GRANTED**, in part, and **DENIED**, in part, and **DENIED WITHOUT PREJUDICE**, in part, as follows:

- The Plaintiffs' motion for an order compelling Wellpath to respond to their first set of Requests for Production: #3, #4, #5, #9, #10, #17, #22, and #23 **IS GRANTED**;
- To the extent that the Plaintiffs move for an order that Wellpath's objections to Plaintiff's third set of discovery requests are waived because they were filed late, the motion **IS DENIED**;
- To the extent Plaintiffs move to compel responses to their third set of discovery requests, the motion should be **DENIED WITHOUT PREJUDICE**;
- The Plaintiffs' motion for an award of reasonable expenses, including attorneys' fees against Wellpath and its lawyers **IS GRANTED**; and

- The Plaintiffs' submission on the amount of attorneys' fees they seek, if any, shall be filed on or before **August 27, 2020**;  Wellpath's response, if any, to the amount requested by Plaintiffs, should be filed by **September 9, 2020**;  Plaintiffs' reply, if any, should be filed by **September 11, 2020**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 11th day of August, 2020.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge